IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37492-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| EDUARDO G. POPULUS, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — We are asked to decide whether $200 in legal financial obligations should be imposed on appellant Eduardo Populus for costs at the trial court level. Based on a concession by the State that the sentencing court imposed the $200 as filing fees, we remand to the sentencing court to strike the financial obligation.

FACTS

On appeal, Eduardo Populus only partially challenges the trial court's imposition of legal financial obligations. Accordingly, we present only a short summary of the facts.

In the summer of 2016, the Washington State Patrol operated a "Net Nanny" sting, with the purpose of contacting individuals seeking sexual relations with children. Clerk's Papers (CP) at 30. Eduardo Populus responded to two of the State Patrol's undercover Craigslist advertisements, both of which advertised a "taboo" lifestyle. CP at 30. In the

first ad, an undercover officer played the part of a mother offering her minor children for sex. In the second ad, the same undercover officer sought a daddy or uncle for her daughters.

Over three days, the undercover officer and Eduardo Populus conversed via e-mail and text messaging. During this conversation, Populus described the sexual acts he wished to perform on a minor child.

PROCEDURE

In July 2016, the State of Washington charged Eduardo Populus with one count of attempted rape of a child in the first degree. The State alleged that Populus took a substantial step toward attempting to engage in sexual intercourse with a fictitious, eleven-year-old girl.

On July 11, 2016, the trial court denied Eduardo Populus appointment of counsel at public expense. On July 15, 2016, the trial court appointed Populus a public defender with a fee of $2,500. Presumably the order required Populus to reimburse the county $2,500 for the work performed by defense counsel.

On October 15, 2019, the jury found Eduardo Populus guilty as charged. On March 11, 2020, the trial court sentenced Populus to an indeterminate sentence of eighty-one months' to life confinement. During its oral ruling, the trial court imposed legal financial obligations:

Mr. Populus is subject to a $500 victim penalty assessment, $200 in court costs, $100 in DNA collection.

Report of Proceedings at 1295. In its written judgment and sentence, however, the trial court omitted the $200 in court costs from the legal financial obligations section. Despite the omission, the judgment and sentence totaled Populus' legal financial obligations at $800.

The trial court found Eduardo Populus indigent for purposes of appeal.

LAW AND ANALYSIS

On appeal, Eduardo Populus argues that the trial court miscalculated his total legal financial obligations at $800 on the written judgment, because the judgment only states that Populus must pay a $500 victim assessment and a $100 DNA collection fee. Populus does not deny that the trial court imposed $200 in court costs during its oral ruling. He asserts, however, that the trial court's written judgment takes precedence over the court's oral ruling. Accordingly, he requests that this court remand for correction of the written judgment, so that it reflects he owes $600, rather than $800.

The State responds that the judgment embraces an inadvertent scrivener's error. The State contends that, assuming the sentencing court properly imposed $200 in court costs, this court should remand for the correction of the error with the sentencing court adding the $200 figure in the section reserved for court costs rather than reducing the total legal financial obligations to $600.

The State, however, does not request that the sentencing court be directed to add the $200 in court costs to the judgment and sentence.  The State maintains that the sentencing court erred in imposing the $200 in court costs.  According to the State, the $200 in court costs represented the criminal filing fee.  Since the trial court found Eduardo Populus indigent at the time of sentencing, the $200 filing fee must be waived.  The State requests that this court remand and order that the $200 court costs be stricken from the written judgment.

RCW 36.18.020(2) governs fee collection by superior court clerks.  It states, in relevant part:

> (h) *Upon conviction* or plea of guilty, upon failure to prosecute an appeal from a court of limited jurisdiction as provided by law, or upon affirmance of a conviction by a court of limited jurisdiction, an adult defendant in a criminal case shall be liable for a fee of two hundred dollars, *except this fee shall not be imposed on a defendant who is indigent as defined in RCW 10.101.010(3) (a) through (c).*

(Emphasis added.)  The most recent version of RCW 36.18.020 includes the indigency exception.  This version was in effect at the time of Eduardo Populus's sentencing.  *See* LAWS OF 2018, ch. 269, § 17.

RCW 10.101.010 defines "indigent," as utilized in RCW 36.18.020(2)(h):

> (3) "Indigent" means a person who, at any stage of a court proceeding, is:
> . . . .
> (c) Receiving an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level; or

(d) Unable to pay the anticipated cost of counsel for the matter
before the court because his or her available funds are insufficient to pay
any amount for the retention of counsel.

RCW 10.101.010(3)(c)-(d).

The State writes that, at the time of sentencing, Eduardo Populus had no income.

Thus, the State concedes that Populus fell under the poverty level established by RCW

10.101.010(3)(c). In turn, according to the State, Populus had an annual income of one

hundred twenty-five percent or less of the current federally established poverty level.

The record does not indicate for what reason the trial court imposed the $200 in

court costs. In *State v. Kuster*, 175 Wn. App. 420, 306 P.3d 1022 (2013), this court

considered whether the trial court needed to consider defendant Louis Kuster's ability to

pay legal financial obligations. The trial court in *Kuster* imposed "$200 in court costs."

*State v. Kuster*, 175 Wn. App. at 422. On appeal, this court stated in pertinent part:

> The remaining $200 imposed was labeled "court costs" and the
> specific cost the court had in mind is not known. *It may well be the $200
> criminal filing fee*—another mandatory fee provided by RCW
> 36.18.020(2)(h)—*but for purposes of appeal we may not rely on that
> assumption*.

*State v. Kuster*, 175 Wn. App. at 425 (emphasis added). We distinguish *Kuster* on the

basis that the State, in Eduardo Populus' appeal, concedes the sentencing court imposed

the $200 obligation for the criminal case filing fee.

No. 37492-1-III
*State v. Populus*

CONCLUSION

We remand to the sentencing court to strike the $200 in court costs and to total the legal financial obligations at $600.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, C.J.

6